Dear Senator Strong:
This letter is in response to your request for an Attorney General's opinion regarding whether an anticipated promotion of the Central Missouri Citizen Band Radio Club constitutes an unlawful lottery under the laws of the State of Missouri.
It is our understanding that Central Missouri Citizen Band Radio Club is a not-for-profit Missouri organization comprised of citizen band radio operators in the State of Missouri. We further understand that the organization anticipates conducting a "Coffee Break Jamboree" on June 9, 1985, for members of the club and the public at large, at which time prizes will be awarded based upon a random drawing from tickets.
As set forth in the opinion request, the anticipated promotion will be conducted in one of four ways:
"1. Where no purchase or contribution or donations is necessary to enter, and those attending, may register their names for free, and as they register they are given a ticket and the companion ticket is placed in a drum from which during the day tickets are drawn out by random and any person holding the duplicate ticket called by number will be entitled to a door prize.
2. Members of the public attending the Jamboree will be charged an entrance fee which would entitle them to a then free cup of coffee or right to see the booths, tables where crafts are being sold, and socialize with other members of the public who desire to attend. Prizes would be given away during the day by drawing a duplicate ticket from a drum, which would be a copy of a ticket given to any member of the public attending free that would ask for one, a duplication of it being placed in a drum from which tickets would be drawn out by random to pick a winner.
3. In addition to giving a free ticket to any member of the public attending, including any members, placing the duplicate in a drum from which winning numbers would be drawn for prizes, donations would be solicited from those attending, prior to the Jamboree, at the Jamboree, and after the Jamboree, all three instances or only one, as any person may want to donate, and a receipt would be given for any donations, but no such receipt or stub would be placed in any drum from which a winning number might be drawn. Only the free tickets, no contribution required, duplicates would be allowed to be placed in the drum from which winning numbers would be selected for door prizes.
4. In addition to giving any member of the public a free ticket, including any members attending, from which winning numbers might be drawn for door prizes, donations would be suggested upon the basis of selling tickets for 3 for $1.00, and a duplicate ticket showing such donations would likewise be placed in the drum along with the free tickets from which a winning number would be drawn for a winner which might go to a person with a free ticket or maybe to a person who made a donation by buying 3 tickets for $1.00 method."
The pertinent provision of our State's Constitution that concerns lotteries and gift enterprises is Article III, Section 39(9). That section provides:
The general assembly shall not have power:
* * *
 (9) to authorize lotteries or gift enterprises for any purpose, and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for the privilege or opportunity of participating or for receiving the award or prize and the term "lottery or gift enterprise" shall mean only those games or contests whereby money or something of value is exchange directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision.
Moreover, pursuant to Section 572.010(7), RSMo 1978, a lottery is defined as "an unlawful gambling scheme in which for a consideration the participants are given an opportunity to win something of value, the award of which is determined by chance."
In all four of the promotional alternatives presented in your opinion request, it is apparent that at least two of the three elements of a lottery are present: a prize ("door prize") and chance (random drawing). The remaining issue is whether the promotion contains the third element of "consideration."
In the first promotional alternative, since the participants in the contest are not required to give any money or anything of value for the right to participate in the program, the element of consideration is not present in the program and, therefore, a lottery is not present.
In the second hypothetical promotion, it is our understanding that members of the public are either charged an admission fee to attend the event, or admitted free of charge at the option of the consumer and both are provided numbered tickets. Furthermore, paying and nonpaying consumers have equal chances of winning prizes in the random drawing. Based upon these facts, consideration is not mandatory for the right to participate in the contest and, therefore, it does not constitute an unlawful lottery.
Again, in the third alternative, since "money or something of value" is not exchanged for the tickets from which the random selection is made, the element of consideration is not present and the promotion does not constitute a lottery.
In the fourth alternative, however, we are of the opinion that a portion of the promotion constitutes an unlawful lottery. The providing and placing of the free tickets in the drum from which the drawing is made is lawful as set forth above. However, the act of selling tickets three for one dollar and commingling those ticket stubs with the free ones for the random drawing constitutes an unlawful lottery. The persons purchasing the three tickets for one dollar would have a greater chance of winning the prizes. Therefore, we must conclude that the fourth promotional alternative constitutes an unlawful lottery under our state laws.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General